## NORRIS v. HARTFORD FIRE INS. CO.

1. COMPROMISE.—EVIDENCE as to compromise is not admissible on trial.
2. EVIDENCE—WRITINGS—LETTERS.—If any goes, all correspondence on one subject should go to the jury.
3. PRINCIPAL AND AGENT.—A person who issues policies, collects premiums, and assists in adjusting losses, is such an agent of the insurance company for which he acts, under Rev. Stat., 1481, as that notice to him of facts constituting forfeiture is notice to company.
4. IBID.—IBID.—Properly left to jury to say what sort of agent the person receiving notice was.
5. NONSUIT properly refused; there being some evidence on issues raised.
6. WAIVER.—NONSUIT properly refused, because there was evidence here of waiver of conditions of forfeiture.
7. PRINCIPAL AND AGENT.—The request complained of that notice to agent is notice to principal for whom he acts within scope of his authority, is a good proposition of law, and no error in charging it.
8. WAIVER—FORFEITURE.—The fact that an agent, after notice of forfeiture, aids in adjusting a loss, is competent to go to the jury on question of waiver of forfeiture.
9. CHARGE.—It is not a charge on facts for Judge to say, "it is evidence that jury may consider," or "the jury may consider that as evidence of intention to waive."
10. WAIVER—FORFEITURE.—Failure to return unearned premiums under terms of policy, may be submitted to jury as evidence of intention to waive forfeiture.

Before GARY, J., Abbeville; September term, 1899.   Affirmed.

Action by Julia E. Norris against Hartford Fire Insurance Company and Agnes L. Lawing. Defendant, Hartford Fire Insurance Company, appeals.

*Messrs. King & Spaulding,* for appellant, cite: *As to powers of soliciting agent:* 22 Mich., 467; 86 Ala., 424; 90 Ala., 386; 63 N. Y., 531; 25 Ia., 507; 9 Allen, 231; 98 Ia., 521; 30 Neb., 288. *What notice to agent is notice to principal:* 86 Ala., 424; 78 Ia., 216; 96 U. S., 572; 33 S. E. R., 897. *No element of estoppel in this case:* 86 Ala., 424; 81 N. Y., 410. *How notice must come to agent to bind principal:* 80 Ala., 528; 86 Ala., 431; 53 Tex., 61; 56 Vt., 374; 33 S. E. R., 897; 78 Ia., 216. *At close of whole case nonsuit should have been granted, plaintiff's evidence showing forfeiture and no waiver being shown:* 52 S. C., 224; 22 S. C., 557; 21 Wend., 109; 23 Wend., 480; 29 S. C., 96; 23 S. C., 286.

*Messrs. Parker & Green,* also for appellant, cite: *Upon showing of forfeiture and no waiver thereof, nonsuit should have been granted:* 52 S. C., 227; 54 S. C., 375; 87 Pa., 399; 51 S. C., 540; 55 S. C., 455. *It is error of law to refuse a new trial where there is no testimony to support verdict:* 54 S. C., 605.

*Messrs. M. P. DeBruhl* and *Frank B. Gary,* contra, cite: *What notice to agent binds principal:* 26 S. E. R., 334, 51 S. C., 544. *There being testimony tending to show waiver, nonsuit properly refused:* 25 S. C., 27; 42 S. C., 14; 43 S. C., 26; 46 S. C., 546, 93; 54 S. C., 601; 29 S. E. R., 945; 54 S. C., 599; 15 Am. St. R., 275; 46 Am. St. R., 796.

April 13, 1900. The opinion of the Court was delivered by

MR. JUSTICE POPE. When this action was before this Court on appeal, 55 S. C., 450, great care was attempted to confine our judgment to the only matter which was then before the Court, viz: a demurrer to the defense set up in the answer of the Hartford Fire Insurance Company, that the

policy issued by the defendant to the plaintiff was rendered void by reason of the fact that, with the knowledge of the plaintiff, Mrs. Agnes L. Lawing had on the 13th day of August, 1896, commenced an action to foreclose a mortgage she had upon the house which defendant had insured, when the fire occurred on the 26th September, 1896. Judge Klugh sustained the demurrer. We held that the defendant insurance company had the right in its answer to set up the stipulation that the commencement of any suit to foreclose a mortgage on the house should work a forfeiture of the policy, but we were very careful, at the same time, to say : "We wish to be clearly understood—we are passing upon the demurrer, we are not passing upon any defense or defenses, if such exist, which the plaintiff may have to this stipulation" (viz : the forfeiture of the policy) "in the contract of the parties." So when the action went back to the Circuit Court for a new trial, which was had before his Honor, Judge Ernest Gary, and a jury at the fall term, 1899, of the Court of Common Pleas for Abbeville County, the defendant was allowed the benefit of the defense; but in the reply thereto the plaintiff set up a waiver of any forfeiture by the defendant insurance company. All the several contentions set up in the appeal are over the competency of the testimony relied upon by the plaintiff to show such waiver; the rulings of the Circuit Judge as to such testimony—his refusal of a nonsuit at the close of all the testimony—his charge to the jury, and his refusal of a new trial. The jury gave the plaintiff a verdict for the full amount claimed. We consider the grounds of appeal in their order. The grounds of appeal are as follows :

"I. Because his Honor erred in overruling the objection by the appellant to the eighth interrogatory propounded to Mrs. Julia E. Norris in her testimony *de bene esse,* when the same shows that it relates to a compromise settlement; such question being on that account incompetent and against the public policy." The Circuit Judge held this testimony inadmissible. It is true, at

first, he was inclined to allow the testimony to be offered, but finally declined to do so. There was a part of the testimony of the witness, Mrs. Norris, in answer to the eighth interrogatory, which the defendant was willing should be received; but so much of it as related to the proposition for a compromise was incompetent, and so the Circuit Judge held. This exception, therefore, must be overruled.

"II. Because his Honor erred in ruling the appellant could not offer in evidence the letter of Goldsmith, dated November 23, 1896, unless it also offered in evidence letters relating to the proofs of loss from Thos. Egleston, general agent, the said letter being offered to show that at that date the claim of plaintiff was disputed, and that there had been no waiver of the forfeiture pleaded, when the said letter did not refer to any other letter whatsoever." Soon after fire had destroyed the dwelling house which had been insured by the defendant, the adjuster of this company, Mr. Goldsmith, after inspecting the ruins of said dwelling house, left Cokesbury, S. C., and went to Abbeville C. H., S. C., where he sought DeBruhl & Lyons, as the attorneys of Mrs. Julia E. Norris, who at his request took the policy of plaintiff from their safe and showed it to Mr. Goldsmith; whereupon Mr. Goldsmith put his finger upon the words in the policy providing a forfeiture of the same in case a suit to foreclose a mortgage on the insured property should be commenced while the policy was pending, and declared to said attorneys that such forfeiture would be the defense of the insurance company to any claim which might be set up by the plaintiff under said policy. Letters were written by these attorneys touching said policy to the agents of said defendant insurance company, and letters were written to said attorneys of plaintiff by the agents of said insurance company. It was proper, we think, that all of this correspondence should go to the jury if any went. This exception is overruled

"III. Because his Honor erred in allowing the witness, C. L. Smith, to testify in reply, over the objection of appellant,

to a conversation with Judge Lyon about the foreclosure proceedings in the Lawing *v.* Norris case, it having been shown that he was only a soliciting agent for the appellant, without power to issue policies, and, therefore, without power to waive the condition of the policy pleaded as a forfeiture by the appellant; and because the information about such foreclosure proceedings was not given to him as agent for the company, but individually and in a casual way; and further, because such information was not given by Mrs Norris, nor by any one representing her for that purpose, the same having been given without any intention to notify the appellant to assert its rights, and without intention to protect Mrs. Norris from the forfeiture pleaded.

"IV. Because his Honor erred in not excluding the testimony of C. L. Smith, in reply, as to conversation with Judge Lyon concerning the foreclosure proceedings, upon the motion of Mr. King, it having been proven by the plaintiff's testimony in chief, that he was a mere soliciting agent for appellant, and so far as the Norris policy was concerned, no agent at all, the policy having been delivered, the premium paid, and his full duties as agent having been discharged long before the conversation referred to.

"V. Because his Honor was in error in ruling upon appellant's objection to the testimony of C. L. Smith, in reply, as to the conversation with Judge Lyon about the Lawing *v.* Norris suit, that, 'the statute makes him an agent of the company; he delivers the policy and collects and transmits the premium, and I hold that he is an agent, and I think that his evidence is competent,' the said ruling being to the effect that said Smith was an agent with power to waive the stipulations of the policy; whereas, it is submitted that the statute referred to by his Honor only makes him an agent for the company for the acts which he is authorized to do, and the acts incidental to such authority; the said statute having been intended to meet clauses in certain policies providing that persons soliciting insurance, delivering policies, adjust-

ing losses, etc., are the agents of the insured, and not of the insurer, in the performance of those acts.

"VI. Because his Honor should have held that, under the proof of the case, C. L. Smith was the agent of the company only for the acts which he was authorized to do, or which were incidental to such authority, and should have held that, having performed all his duties with respect to the Norris policy, he was no longer the agent of the company, so far as her policy was concerned, and should have, on these accounts, excluded the testimony as to the conversation with Judge Lyon as to the foreclosure proceedings in Lawing *v.* Norris.

"VII. Because his Honor erred in allowing J. Fuller Lyon to testify in reply as to meeting and talking with C. L. Smith about foreclosure proceedings, it having been proven that C. L. Smith was no longer the agent of the appellant, so far as the Norris policy was concerned, and that he was without authority to waive the conditions of the policy pleaded as a forfeiture; and further, because the testimony of witness shows that the information was not given to Smith as agent of appellant, but in a casual way as to any other individual, and the same was not given by any one representing Mrs. Norris for that purpose." The plaintiff sought to bring notice to the defendant of the commencement and pendency of the suit to foreclose the Lawing mortgage about 16th of August, 1896, more than five weeks prior to the fire which destroyed the house. Hence the offer of the testimony of Smith so as to show what one of the attorneys of Mrs. Norris told said Smith while he was the agent of the defendant insurance company, about the 16th August, 1896, about the foreclosure suit. Was the said Smith only a soliciting agent for insurance for the defendant insurance company? It certainly was in evidence that Smith, although he took applications for insurance, did not countersign policies; this was done by Edgerton, in Atlanta, Georgia. But it was also in evidence that Smith, as said agent for the defendant, did receive the premiums for

said defendant from the plaintiff, and did deliver his policy, which facts tended to enlarge his powers of agency. It was also in proof that he notified the insurance company of the destruction of the insured building by fire about the 26th September, 1896, and also that when the adjuster came to Cokesbury, Smith was with such adjuster when he inspected the ruins. It is also true that, under *sec. 1481 of the General Statutes of this State,* it is provided: "Any person who solicits insurance in behalf of an insurance company not organized under or incorporated by the laws of this State, or who takes or transmits other than for himself any application for insurance, or any policy of insurance to or from any such company, or who shall advertise or otherwise give notice that he will receive or transmit the same, or who shall receive or deliver a policy of insurance of any such company, or who shall examine or inspect any risk, or receive, collect or transmit any premiums of insurance, or make or forward diagram of any building or buildings, or perform any other act or thing in the making or consummating of any contract of insurance, for or with any such insurance company other than for himself, or who shall examine into or adjust, or aid in adjusting, any loss for or in behalf of any such insurance company, whether any such acts shall be done at the instance or request or by the employment of such insurance company, shall be held to be acting as the agent of the company for which the act is done or the risk taken." This testimony of Smith, which was objected to, related to communications made to him by an agent of the plaintiff, and was properly admitted as competent testimony to be considered by the jury. We do not know who was better prepared to state what statement was made to Smith than Smith himself. If his lips had been closed while the witness, Lyon, was allowed to speak of those matters, it would have been an injustice to the insurance company. We cannot agree with the appellant, that Smith was only a soliciting agent for his insurance company, touching its contract with Mrs. Norris. While it

is true he had delivered the policy to Mrs. Norris, the defendant insurance company admits that he was still its agent during the existence of the contract of the insurance company with the plaintiff; it only contends that Smith was not its agent, as far as Mrs. Norris is concerned. But we are not prepared to take such subtle views of the matter of agency. These corporations act through agents. There is nothing in the policy issued by this insurance company which names any agent, as such, who can bind the company. This insurance company must remember that its contracts made within our State limits, under our statute, are taken with section 1481, hereinbefore quoted, as a part of such contracts, and that this section 1481 does not in its use of the word "agent" place any limitations upon his powers so as to deprive any one who deals with such agent with respect to a contract of insurance made by such an one with the agent's insurance company as to the principle of the right to impute knowledge of such agent as the knowledge of the principal. *Akers* v. *Rowan,* 33 S. C., 472, in no way conflicts with these views, for the decisions of the Court on that point clearly and directly confined its ruling to the contrary to the exception which exists when the knowledge of the agent is acquired in a confidential way. Thus in the case just cited, Col. Sloan, as the attorney and as a director of the Central Bank, who had knowledge of the fact that one Robbins, who was a debtor to such bank, was being sued by his creditors, and that this knowledge of Col. Sloan was acquired as the attorney of said Robbins, was held to possess this knowledge as acquired so as not to affect the bank with his knowledge. In the case quoted, in *Akers* v. *Rowan, supra,* "The Distilled Spirits," 11 Wallace, at page 367, Mr. Justice Bradley said: "The general rule that a principal is bound by the knowledge of his agent, is based upon the principle of law that it is the agent's duty to communicate to his principal the knowledge which he has respecting the subject matter of negotiation, and the presumption that he will perform that duty. When it is not the agent's duty to communicate such knowledge,

*when it would be unlawful for him to do so,* as, for example, when it has been acquired confidentially as an attorney for a former client in a prior transaction, the reason of the rule ceases, and in such a case an agent would not be expected to do that which would involve the betrayal of professional confidence, and his principal ought not to be bound by his agent's secret and confidential information." The case of *Graham* v. *Insurance Co.,* 48 S. C., 224, shows how the knowledge of a clerk in the office of an insurance company is imputable to such company. If it was the duty of Smith to inform the insurance company of the fire which had destroyed the dwelling house insured, might not the agent, Smith, be expected to convey to the insurance company knowledge he had acquired, as to the breach of a condition of the policy which would be a forfeiture of the policy? So we must overrule exceptions 3, 4, 5 and 6.

So far as the 7th exception is concerned, it is covered by our remarks in disposing of the exception just overruled, and it is overruled.

"VIII. Because his Honor erred in passing upon the testimony of J. Fuller Lyon in reply, in holding that C. L. Smith was the agent of the appellant under the statute law of this State, such ruling being to the effect that he was an agent generally, with the power to waive the condition of the policy pleaded as a forfeiture, when he should have held that he was the agent of the appellant, as contradistinguished from plaintiff, and for acts incidental to such authority." As to the eighth exception, it must be overruled, for it was clearly the duty of the Circuit Judge to construe the statute in question. He did tell the jury what the effect of the provisions of that section 1481 were, but we do not construe the remarks of his Honor on this point to indicate the view that Smith was a general agent, for he left it to the jury to decide what kind of an agent, if any, Smith was. He had no right to decide that Smith was only the agent for the insurance company as contradistinguished from an agent for Mrs. Julia Norris; the

statute in question does not sustain the appellant's view. This exception is overuled.

"IX. Because his Honor erred when passing upon appellant's motion for a nonsuit." The rule is well settled by a long line of cases that where there is testimony relating to the issues between the parties, the case should go to the jury. We have examined the testimony here adduced, and we are obliged to admit that there is competent testimony bearing upon the issues made up by the pleadings, and hence it would be improper to have granted the appellant's motion for a nonsuit. It follows, therefore, that this exception must be overruled.

"X. Because his Honor erred in refusing the nonsuit, in ruling that it was for the jury to say whether Smith had the authority to waive the forfeiture pleaded, when he should have held, from the testimony adduced by plaintiff, that Smith was the agent for appellant only to receive applications, deliver policies and collect premiums, all of which had been long since done in this case; and should have ruled that, so far as the Norris policy was concerned, Smith was no longer the agent for appellant, and should have held that he had no authority to waive the forfeiture pleaded, and, therefore, should have granted the motion for a nonsuit.

"XI. Because his Honor erred in not holding that all the testimony both for the plaintiff and the defendant shows that at the time of the fire the policy had been forfeited, and should have held that there was no competent testimony to go to the jury on the question of waiver, and on that account erred in not granting the nonsuit.

"XII. Because his Honor erred in refusing appellant's motion for a nonsuit, the whole testimony both for the plaintiff and defendant showing the occurrence of acts constituting a forfeiture, and there being no competent evidence to go to the jury of a waiver of such forfeiture." Since the case of *Kingman* v. *Fire Ins. Company,* 54 S. C., 599, which was intended to lay down the law relating to the right to

offer testimony going to show a waiver of the stipulation for the forfeiture of a policy of insurance because of certain conditions in the policy, it is no longer a question as to plaintiff's right to offer such testimony after defendant's proof of such forfeiture, without having pleaded such waiver. Mr. Justice Jones, in discussing the matter of forfeiture and proof of waiver, says : "A forfeiture does not make a policy of insurance void, *ipso facto*. It is merely a ground upon which the policy is voidable at the option of the insurer. Furthermore, if forfeiture is a matter of defense, as the cases cited establish, then, under section 174 of the Code, such defense, not constituting a counter-claim, and being a matter in avoidance, need not be replied to by plaintiff, unless required so to do by the Court, on defendant's motion. *Davis* v. *Schmidt,* 22 S. C., 128. Then, in reason, evidence of waiver or estoppel ought'to be allowed in reply to evidence to show forfeiture; for to show one estopped to assert forfeiture for non-performance is, in effect, to show performance." The Circuit Judge, in passing upon the question of nonsuit, was bound to refuse such motion, if any competent testimony had been offered to show waiver of forfeiture.

We have already held that appellant's objections to some of this testimony being incompetent, were not tenable. Such being the case, there was competent testimony on the subject of waiver. These exceptions as to nonsuit are overruled.

"XIII. Because his Honor erred in charging plaintiff's first request to charge, which is as follows : 'Any person who examines into or adjusts, or aids in adjusting, any loss for on behalf of any insurance company, not organized under or incorporated by the laws of this State, is the agent of the company for which the act is done,' the said charge, in the light of the rulings already made by his Honor upon the statute, being to the effect that such person is an agent generally, when the manifest intention of the statute is to declare the person so acting as agent, the agent of the insurer, as contradistinguished from the insured, but only for the acts

done by authority or acts incidental to such authority."
The Circuit Judge merely declared the law in this connec-
tion as it is set out in section 1481 of our General Statutes,
and we cannot see how the declaration of sound law is to be
made *unsound* by reason of something that has already oc-
curred in the management of the case.    This exception is
overruled.

We will next consider the 14th exception, as follows:
"XIV. Because his Honor erred in charging plaintiff's sec-
ond request, with the modifications as follows : 'Notice to the
agent is notice to the principal for whom he is acting,
while acting in the scope of his agency,' the said
charge, in the light of his previous rulings on the
subject of agency under the statute, leading the jury to sup-
pose that knowledge to an agent such as Smith would be im-
putable to the appellant."   The question to be considered by
us is, is this declaration of law sound?   Unquestionably it is
sound.   The soundness of a proposition of law, when a re-
quest is made to charge the same, must be tested by its con-
formity to the law itself—"Sufficient unto the day is the evil
thereof."   This exception is overruled.

"XV. Because his Honor erred in charging the jury,
under plaintiff's third request to charge, as follows: 'When
an agent of an insurance company, after the knowledge of a
forfeiture, aids in adjusting the loss, that fact is evidence
which the jury may consider in determining the question of
an intention to waive the forfeiture,' the said charge
being (a) not responsive to the facts of the case, in
that there had been no adjustment of the loss, and no
evidence before the jury upon which said charge could be
predicated; (b) it being an opinion upon the facts adduced
in the case, and a charge with respect to matter of fact, and
in conflict with sec. 26, art. V., of the Constitution of South
Carolina."   All competent evidence may be considered by the
jury.   What weight the jury will give it is another question,
but not for a Judge in a case on the law side of the Court.
There had been an adjuster to view the premises covered by

24—57

the insurance; a blank had been furnished upon which proofs of loss were to be made. It was no opinion upon the facts except to rule the evidence competent.

"XVI. Because his Honor erred in charging the plaintiff's fourth request to charge as follows: 'When an insurance company, with knowledge of the forfeiture of a policy, sends an agent to adjust the loss, or does any other act which recognizes the validity of the policy, it is evidence which the jury may consider in determining whether there was intention on the part of the company to waive forfeiture.' " Nor is it any charge upon the facts for the Circuit Judge to say it is evidence that the jury may consider—of course, if the testimony was admitted as competent testimony, the jury were bound to consider it. There was some such evidence in the case. As to its weight, that was a question for the jury. The exception is overruled.

"XVII. Because his Honor charged plaintiff's fifth request to charge, as follows: 'Under the terms of this policy in this case, the insurance company had the right to cancel the policy upon five days notice to the insured. When an insurance company has a right to cancel a policy, and fails to cancel it and return the unearned premium either before or after the fire, the jury may consider that as evidence of intention to waive the forfeiture.' (a) The charge tending to lead the jury to believe that five days notice of intention to cancel a policy was necessary under the forfeiture pleaded; whereas, the policy became void upon the happening of certain conditions, and without any notice; and (b) because the appellant, under the terms of the policy, was not required to return any part of the premium until the policy was surrendered for cancellation; and, therefore, it was not a circumstance to be considered in passing upon the question of waiver, that such premium had been returned; and (c) because such charge is a charge in respect to matters of fact, and an expression of an opinion upon the facts, in that his Honor says: 'the jury may consider that as evidence of intention to waive, etc.,' being in

conflict with sec. 26, art. V., of the Constitution of South Carolina. (d) Because there was no evidence upon which such charge could be predicated." The Circuit Judge was required by law to construe the printed policy. He but announced the terms of the policy as quoted. It was the jury's right to draw their own inferences: (a) is not sustained by the facts; (b) would have no effect, for no money as part of unearned premium was returned or offered to be returned; (c) and (d) are not sustained by the "Case." Let the exception be overruled.

"XVIII. Because his Honor erred in refusing the motion for a new trial in the case, it being submitted that the whole testimony shows that the policy had been forfeited at the time of the fire, and there being no competent evidence to support a waiver, and, therefore, no competent evidence to support the verdict rendered in the case by the jury." This exception has already been passed upon.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.