8836

POWELL v. CONTINENTAL INS. CO.

(81 S. E. 654.)

APPEAL AND ERROR. PLEADING. PRACTICE. DISCRETIONARY ORDER. FIRE INSURANCE. WAIVER.

1. Under Code Civil Procedure 1912, section 203, providing that, where an answer contains new matter constituting a defense by way of avoidance, the Court may, in its discretion, on defendant's motion, require a reply thereto, the matter of requiring a reply is within the trial Court's discretion, which will not be interfered with, in the absence of prejudicial abuse.

2. An agent with general authority, who is authorized to make contracts of insurance without consulting the company, may waive any

FOOTNOTE—The question whether the failure of the insurer to speak or act after notice of breach of policy constitutes a waiver thereof is treated in a note in 25 L. R. A. (N. S.) 1.

As to waiver of condition as to location of property, see note in 26 L. R. A. 242.

conditions of the policy, and his knowledge of material facts is the knowledge of the company.

3. The insurance company, upon learning that insured had violated the terms of his policy by removing the property from the place in which it was insured, should have offered to return the premium and cancel the policy, and its failure to do so is evidence tending to show a waiver of that condition.

4. Knowledge of the fire insurance agent within the scope of his agency that an insured had removed the insured property, contrary to the terms of the policy, was imputable to the principal.

Before RICE, J., Saluda, July, 1913.   Affirmed.

Action by J. R. Powell on a fire insurance policy against Continental Insurance Company of the city of New York.

*Messrs. Clarkson & Clarkson,* for appellant, cite: *Reply to new matter in answer:* Code Civ. Proc. 203; 79 S. C. 271; 83 S. C. 264; 54 S. C. 601. *Judicial discretion:* 47 S. C. 498; 60 S. C. 135; 94 S. C. 16. *Charge on waiver was on facts:* 56 S. C. 531; 51 S. C. 460; 47 S. C. 513; 54 S. C. 603, 376; 51 S. C. 460; 47 S. C. 513; 56 S. C. 531. *Suspension not cancellation of risk:* 55 S. C. 6; 76 S. C. 76. *Stipulation in policy:* 68 S. C. 390. *Possession of policy and return of premium:* 55 S. C. 455; 68 S. C. 391. *Estoppel to assert forfeiture:* 88 S. C. 39; 75 S. C. 315; 70 S. C. 82; 52 S. C. 231; 78 S. C. 395. *Knowledge of agent affecting company:* 78 S. C. 395; 50 S. C. 290; 19 Cyc. 810. *Acts of agent as basis for waiver:* 68 S. C. 390; 78 S. C. 396.

*Messrs. Thurmond & Ramage,* for respondent, cite: *Knowledge and acts of agent:* 1 Code of Laws 2711, 2712; 16 A. & E. Enc. of L. (2d ed.) 908, 942; 1 May 70 A.; 1 Code of Laws 1810; 57 S. C. 358; 60 S. C. 486; 54 S. C. 599; 80 S. C. 292; 36 S. C. 213; 16 L. R. A. 33; 70 S. C. 82; 100 Am. St. Rep. 63; 80 S. C. 392; 19 Cyc. 781; 69 Am. St. Rep. 201; 76 Am. St. Rep. 111; 67 S. C. 399; 63

S. C. 297.   *Waiver:* 56 S. C. 508; 61 S. C. 448; 143 U. S.
496; 51 S. C. 540; 55 S. C. 6; 57 S. C. 358; 51 S. C. 180;
note 107 Am. St. Rep. 130.   *Knowledge of agent imputed
to principal:* 57 S. C. 16.   *Burden of proof, evidence
sufficient to go to jury:* 79 S. C. 295; 48 S. C. 195; 79
S. C. 526; 81 S. C. 152.   *Policy only voidable:* 54 S. C.
599; 14 A. & E. Ann. Cases 89; 96 U. S. 577; 60 S. E. 470;
57 S. C. 358; 63 S. C. 192; 74 S. C. 246; 81 S. C. 152; 75
S. C. 315; 80 S. C. 392; 49 S. C. 454; 88 S. C. 37; 69 S. C.
445; 70 S. C. 183; 72 S. C. 556; 76 S. C. 432; 80 S. C. 531.
*Charge on waiver:* 70 S. C. 82, 295; 57 S. C. 358; 107
Am. St. Rep. 130; 61 S. C. 292; 63 S. C. 219; 65 S. C.
326; 79 S. C. 97; 61 S. C. 388; 71 S. C. 95; 75 S. C. 150.
*Waiver by adjustment agreement:* 57 S. C. 370; 55 S. C.
6; 67 S. C. 399; 78 S. C. 388.   *Denial of liability waiver
of proof of loss:* 29 S. C. 579; 36 S. C. 265; 70 S. C. 295.
*Waiver of nonwaiver agreement:* 78 S. C. 433; 70 S. C. 16.

April 29, 1914.

The opinion of the Court was delivered by Mr. Justice
Watts.

This was an action brought to recover a money judgment
on a fire insurance policy.   The action was commenced on
May 20, 1913.   After answer was filed and issue joined, the
defendant gave notice of motion that it would move to have
the plaintiff reply to its answer.   The cause was called for
trial before Judge Rice on July 29, 1913, at Saluda, S. C.;
this motion was then made and refused; and the case was
tried and resulted in a verdict for the plaintiff for $550.
The defendant moved for a new trial on the minutes of the
Court and upon the ground of after-discovered evidence,
and the same was refused.   After entry of judgment,
defendant appeals.

The exceptions, eleven in number, may be divided into
two classes.   The first imputes error to the Circuit Judge
in not requiring plaintiff to file a reply to the new matter

set out in defendant's answer. This exception is overruled, as section 203 of Code Civ. Proc. of S. C. 1912, says: "When the answer contains new matter constituting a counterclaim, the plaintiff may, within twenty days, reply to such new matter, * * * and in other cases, where an answer contains new matter constituting a defense by way of avoidance, the Court may, in its discretion, on the defendant's motion, require a reply to such new matter; and in that case the reply shall be subject to the same rules as a reply to a counterclaim." This leaves the matter entirely within the discretion of the Judge, and we fail to see any erroneous exercise of discretion on his part whereby defendant was prejudiced. The second and third exceptions complain of error on the part of his Honor in his general charge to the jury. The fourth, fifth, sixth, seventh, eighth, and ninth exceptions charge error in charging, as requested, certain propositions of law for the plaintiff, and exceptions 10 and 11 in refusing to charge requests of defendant. There is no exception as to the admissibility of any testimony, and there was no motion made for nonsuit or direction of verdict on the ground there was no evidence to support the alleged cause of action.

We will consider exceptions 2, 3, 4, 5, 6, 7, 8, and 9 together. The evidence in the case showed conclusively that Dr. Asbill was the agent of the defendant; that he issued the policy sued on. The plaintiff testified that he took out the policy with him, and received it from him. He himself verified the defendant's answer, and as a witness in the case testified he was the agent of the defendant at Ridge Spring. The statement of his Honor in the charge was not a charge on the facts and a violation of the Constitution. His charge was simply telling the jury that the question of waiver was for them, and tells them what evidence, if established to their satisfaction, might warrant them in inferring that the company had waived their right to cancel the policy.

"An agent with general authority, who is authorized to take risks and enter into contracts of insurance without consulting the company, may waive any of the conditions contained in the policy, and his knowledge of facts material to the risk is knowledge of the company." American & English Enc. of Law 942.

"An agent authorized to solicit insurance, to collect premiums, to countersign policies, and to accept service of papers for the company has the authority to waive the iron-safe clause in a fire insurance policy issued by a mutual insurance company to one of its members, although the charter and constitution provide such waiver can only be made by the president in writing." *Hankinson* v. *Insurance Co.*, 80 S. C. 392, 61 S. E. 905.

"When an insurance company has the right to cancel the policy, and fails to cancel it and return the unearned premium either before or after the fire, the jury may consider that as evidence of intention to waive the forfeiture." *Norris* v. *Insurance Co.*, 57 S. C. 358, 35 S. E. 572.

"Failure to cancel the policy and return the premium * * * after such knowledge (of the breach) was a circumstance tending to show waiver of the right to insist upon the provision of the policy prohibiting other insurance." *Madden & Co.* v. *Insurance Co.*, 70 S. C. 295, 49 S. E. 855.

"Good faith would seem to require the insurer to cancel the policy and return the unearned premium, if before the fire, while the policy was current, it had notice that the insured had so violated the policy that under its terms he would recover nothing in case of loss." *Pearlstine* v. *Insurance Co.*, 70 S. C. 82, 49 S. E. 6.

"Forfeitures are not favored in the law; and Courts are always prompt to seize hold of any circumstances that indicate an election to waive a forfeiture, or any agreement to do so on which the party has relied and acted." *Hartford*

*Ins. Co.* v. *Unsell,* 144 U. S. 439, 12 Sup. Ct. 671, 36 L. Ed. 496.

When defendant discovered that plaintiff had violated the terms of his policy, it should have offered to return the premium and cancel the policy, and its failure to do so is a fact tending to show waiver. *Thompson* v. *Ins. Co.,* 63 S. C. 297, 41 S. E. 464. There was evidence in the case that Asbill, the agent, knew of the removal by the insured of the insured property, and there is no dispute that he was the agent of the defendant, and it was properly submitted to the jury, under proper instructions, whether or not this was a circumstance sufficient within itself or a circumstance tending to show waiver. If he knew it, he should have notified plaintiff, so that plaintiff could have arranged that his property could be insured, at the place he had moved to, either with defendant or in some other company. A cancellation of the policy and a return of the unearned premium would have been sufficient notice to the plaintiff. If the agent of the company knew, and this was properly submitted to the jury, that the plaintiff, by his action in removing his property, had thereby forfeited his insurance, fair dealing and good conscience demanded that he be informed of the consequences; it would not be right for the company, with the knowledge of this fact, to retain his premium and allow him to be lulled into a state of security thinking he had a good policy of insurance, whereas he had forfeited it, and after loss refuse to pay, thus inflicting loss and damage to him with his unearned premium, not returned before loss, but retained by them.

"The agent and applicant are not upon equal terms of knowledge. The applicant is generally ignorant of the powers of the agent and the special rules by which the solicited contract is to be controlled. The agent is generally expert in these matters, and common honesty and fairness demand that the applicant be not misled, to his injury, by

the agents in one kind of an association as well as the other, whether the subject matter of waiver and estoppel relate to the form or the substance of the contract." *McCarty* v. *Insurance Co.,* 81 S. C. 152, 62 S. E. 1, 18 L. R. A. (N. S.) 729.

In this case there was evidence that the agent acquired knowledge within the scope of his agency that the plaintiff had removed the insured property, and made no objection; this knowledge of the agent is imputable to his principal. We see no error on the part of the Circuit Judge as imputed to him by these exceptions, and they are overruled. As to the tenth and eleventh exceptions, these exceptions virtually amounted to a request on the part of the defendant for the direction of a verdict on the ground there was no evidence to sustain a verdict for the plaintiff. There was sufficient evidence for the jury to determine the issues submitted to them, and we do not find in any of the exceptions any prejudicial statement of the Judge in his charge that would warrant this Court in sustaining any of them and in granting a reversal and new trial. All exceptions are overruled.

Affirmed.