18354

John C. MYERS, Respondent, v. CALVERT FIRE INSURANCE
COMPANY, Appellant
(142 S. E. (2d) 704)

*Messrs. Clyde H. Turner* and *Howard R. Chapman,* of Charleston, *for Appellant.*

*Messrs. Donald A. Fanning* and *Dowling, Dowling, Sanders & Dukes,* of Beaufort, *for Respondent.*

June 2, 1965.

Moss, Justice.

This action was instituted by John C. Myers, the respondent herein, against Calvert Fire Insurance Company, the appellant herein, to recover for loss and damage to his Ford automobile, under an automobile insurance policy issued by the appellant to the respondent.

It is alleged in the complaint that the appellant, under the terms of the aforesaid policy, agreed to pay to the respondent for loss to his automobile "caused by flood or rising waters". It is then alleged that while said policy of insurance was in full force and effect that the automobile of the respondent became stuck at a public landing at Port Royal, South Carolina, and before the respondent could extricate the same, the rising tide water covered the vehicle, rendering it a total loss.

The appellant demurred to the complaint upon the ground that the asserted loss was caused by "flood or rising waters" and such was not included or embraced within the risk insured against and such loss or damage, if any, is not a proper claim under the aforesaid policy.

The demurrer was heard by the Honorable Louis Rosen, presiding Judge, and he overruled such on the ground that the complaint stated facts sufficient to constitute a cause of action. The appeal followed.

The single exception of the appellant asserts that the court below erred in overruling the demurrer of the appellant, "when as a matter of law the rise and fall of ocean tides are not included or embraced within the risk insured against and such loss or damage, if any, is not compensable under the terms of the policy sued upon; and the said defect being apparent on the face of the complaint."

It is elementary that in passing upon a demurrer, the court is limited to a consideration of the pleadings under attack, all of the factual allegations thereof that are properly pleaded, are for the purpose of such consideration deemed admitted. *Alderman v. Bivin,* 233 S. C. 545, 106 S. E. (2d) 385; *Warr v. Carolina Power & Light Company,* 237 S. C. 121, 115 S. E. (2d) 799.

In considering the question here involved, we must do so in the light of the well settled rule that the terms of an insurance policy must be construed most liberally in favor of the insured and where the words of the

policy are ambiguous, or where they are capable of two reasonable interpretations, that construction will be adopted which is most favorable to the insured. However, in cases where there is no ambiguity, contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood in their plain, ordinary and popular sense. If the intention of the parties is clear, the Courts have no authority to change the contract in any particular and have no power to interpolate into the agreement between the insurer and the insured a condition or stipulation not contemplated either by the law or by the contract between the parties. When the language of an insurance contract is free from ambiguity, its construction is for the Court. *Kingman v. Nationwide Mutual Insurance Co.,* 243 S. C. 405, 134 S. E. (2d) 217.

The question here involved depends upon the interpretation of the phrase "flood or rising waters". It is the position of the appellant that the case of *Long Motor Lines v. Home Fire & Marine Ins. Co.,* 220 S. C. 335, 67 S. E. (2d) 512, is controlling. In the cited case, a truck was driven on the beach and mired in the sand and the contents thereof were damaged due to rising of the tide. The policy there involved provided for the payment of loss or damage to property caused by "[f]lood (meaning rising of streams or navigable waters)." This Court, in denying coverage, held that a flood is defined as "an inundation of water over land not usually covered by it". The appellant, in the *Long case,* contended that we were not called upon to define the word "flood" because it had been expressly defined in the policy as meaning the "rising of streams or navigable waters" and that the damage was caused by the rising of navigable waters which was clearly within the aforesaid definition given in the policy. In affirming the judgment of the lower court, sustaining a demurrer to the complaint, we said:

"* * * we think it clearly appears that the construction advanced by appellant could not have been reasonably within the contemplation of the parties. The proposed construction

gives no effect whatsoever to the word 'flood' as used in this clause. It is apparent that it was the intention to insure against some hazard. The word 'rising' when considered in its context clearly contemplates the abnormal or unusual 'rising of streams or navigable waters'. The words in parentheses in this clause were intended to limit rather than enlarge the meaning of the word 'flood'. "We have been unable to find any case, and none has been cited by counsel, involving the precise question now under discussion. While a different question was involved in *St. Paul Fire & Marine Insurance Co. v. Carroll, Tex. Civ. App.*, 106 S. W. (2d) 757, 759, the Court there in construing a clause reading, 'Flood (meaning the rising of navigable waters)', said that the parties 'contracted against loss *by flood* caused by the rising of navigable waters'." Emphasis ours.

We do not think the *Long case* is controlling here. There is a material difference between the terminology found in the policy in the *Long case* and that now before this Court for interpretation. If the appellant intended to provide coverage only in case of "flood", as it now argues, this could have been accomplished simply by deleting or omitting the words "or rising waters" from the policy, or by employing the language set forth in the *Long case*. In the *Long case* we held that a "flood" does not include the ordinary rising of the tide which occurs at regular intervals capable of exact determination. It is true that a flood is rising water but all rising water is not a flood.

The quoted portion of the policy issued by the appellant to the respondent provides coverage for loss caused by "flood or rising waters". In *Huckabee Transport Corporation v. Weston Assurance Co.*, 238 S. C. 565, 121 S. E. (2d) 105, we held that the word "or" as it is used in an insuring agreement, is a coordinating conjunction introducing an alternative, and the function of such a word in an insurance contract is to mark an alternative such as "either this or that". Applying this rule to the phrase "flood or rising waters" it is clear that the policy here in question provided coverage

in the event of loss caused by a "flood" or caused by "rising waters".

We agree with the circuit judge that the complaint states facts sufficient to constitute a cause of action.

However, since the policy of insurance here involved is not before us, all policy defenses are reserved to the appellant and may be asserted when this case is tried upon its merits.

Affirmed.

TAYLOR, C, J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.