**PREFERRED RISK MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**Margarette THOMAS, Administratrix of the Estate of Robert Green, John P. Hazzard, IV, as Guardian ad Litem for Leola Lawrence, a minor over the age of 18 years, Susan Ford, Lila Mae Parson, Rosa Smalls and Rebecca Nesbitt, Defendants.**

**Civ. A. No. 8598.**

United States District Court
D. South Carolina,
Charleston Division.

Feb. 17, 1966.

Ben Scott Whaley, Barnwell, Whaley, Stevenson & Patterson, Charleston, S. C., for plaintiff.

William W. Doar, Jr., Georgetown, S. C., Smith & Moore, Georgetown, S.C., for defendants Margarette Thomas, Admx. of Estate of Robt. Green, Leola Lawrence and Rebecca Nesbitt.

Meyer Rosen and Rosen & Rosen, Georgetown, S.C., for defendant Lila Mae Parson.

Waring S. Howe, Charleston, S.C., for defendant Rosa Smalls.

WYCHE, District Judge.

In this case the plaintiff seeks to obtain a declaratory judgment, 28 U.S.C.A. §§ 2201, 2202, adjudicating plaintiff's rights, duties and liabilities under an automobile liability policy issued to the insured Robert Green, now deceased, and to determine whether the automobile in which the defendants Leola Lawrence, Susan Ford, Lila Mae Parson, Rosa Smalls and Rebecca Nesbitt, were passengers, was insured at the time it was wrecked in a collision.

Except for the testimony of H. J. Reeves taken at the hearing, the facts in the case have been stipulated, and are as follows:

"It is stipulated between the Plaintiff and the parties Defendants hereto with the exception of the Defendant, Susan Ford, who failed to appear and being in default:

"1. That on or about June 25, 1964 the Plaintiff issued to Robert Green a personal liability policy which was in effect from June 25, 1964 to December 25, 1964, and which insured against bodily injury with limits up to $10,000.00 for any one person injured and up to $20,000.00 for bodily injury if more than one person is injured with property damage up to $5,000.00, and medical pay up to $1,000.00 and which covered, in the particulars set out in the said policy, copy of which is attached to Complaint, a certain 1958 Dodge Panel Truck bearing identification No. L6DIL15724.

"2. That the policy has as an exclusion the following provisions in that the policy does not apply under Part I, '(a) to any automobile while used as a public or livery conveyance, but this exclusion does not apply to the named insured with respect to bodily injury or property damage which results from the named insured's occupancy of a non-owned automobile other than as the operator thereof;' Under Part II to bodily injury: '(a) Sustained while occupying (1) an owned automobile while used as a public or livery conveyance, or (2) any vehicle while located for use as a residence or premises.' and further does not apply under Part III: '(a) To any automobile while used as a public or livery conveyance.'

"3. That on or about July 4, 1964, at approximately 8:30 a. m. the Defendants, Susan Ford, Lila Mae Parson, Rosa Smalls and Rebecca Nesbitt were passengers in a vehicle operated by the Defendant, Leola Lawrence, a minor over the age of 18 years, when the driver lost control of the said vehicle causing the same to overturn.

"4. That as a result of the said accident the passengers and the driver claimed to have suffered personal injuries.

"5. That Robert Green is now deceased and Margarette Thomas has been duly appointed as Administratrix of his Estate, and John P. Hazzard, IV has been duly appointed as Guardian ad Litem for Leola Lawrence.

"6. That as the time of the accident the Dodge Panel Truck was being operated by the driver, Leola Lawrence (who was employed by the late insured, Robert Green) who transported the passengers therein for hire on a regular basis from the Dunbar area of Georgetown County and the Myrtle Beach section to their places of employment at Myrtle Beach, South Carolina, and the said driver customarily transported these passengers, and possibly others, for hire each day to and from their homes to their respective places of employment.

"7. That at the time that Robert Green applied for the liability insurance coverage for the operation of the Dodge Panel Truck, described in the Complaint, he filled out an application form (copy of which is attached to the Answer to the Interrogatories of Leola Lawrence, et al) with the L & H Agency, P. O. Box 615, Georgetown, South Carolina (H. J. Reeves, Agent), the application having been written on June 25, 1964 and thereafter forwarded by the Agency to the Plaintiff who issued the policy in question."

It was also stipulated "that H. J. Reeves, otherwise known as the L & H Agency, at the times mentioned herein, was plaintiff's local authorized agent at Georgetown, South Carolina."

The application shows that coverage has been "bound" and the effective date of the insurance to be at 12:01 a. m. on June 25, 1964. The effective date of the insurance is likewise shown on the policy of insurance as 12:01 a. m., June 25, 1964.

The application form furnished by the plaintiff company which Robert Green signed, placed no limitations upon the company's agent and there is no evidence that Robert Green had any notice, either actually or circumstantially, of any restriction or limitation of the company's agent.

The application was sent to the plaintiff by its agent, and after investigation by the plaintiff, the policy of insurance was issued on July 7, 1964 (three days after the accident involving the Dodge panel truck of Robert Green).

The policy was sent to plaintiff's agent H. J. Reeves who delivered it to Robert Green.

Robert Green had no knowledge or notice of any of the provisions or exclusions of the policy at the time of the collision.

Since reading the pleadings and the briefs filed by the parties, it is my opinion that the testimony of H. J. Reeves as to his knowledge at the time he took the application for insurance from Robert Green, concerning the use the vehicle here involved, was going to be put to, is competent: H. J. Reeves, the authorized local agent of the plaintiff, had known Robert Green for sometime, and had had previous insurance dealings with him, and knew at the time he took the application and at the time he sent the application to the plaintiff, the risk involved and the use to which Robert Green intended to put the Dodge panel truck, which facts were material to the risk, and such knowledge having been acquired while he was acting within the scope of his duties of employment with the plaintiff.

## CONCLUSIONS OF LAW

This Court has jurisdiction of the parties and of the subject matter of this action.

The knowledge of H. J. Reeves, the authorized local agent of the plaintiff, insurer, acquired while acting within the scope of his duties of employment as to facts material to the insurance is imputed to the insurer, in the absence of collusion between the insured and the agent. Norris v. Hartford Fire Insurance Co., 57 S.C. 358, 359, 35 S.E. 572 (1900); Polatty et al. v. Woodmen of the World Life Ins. Society, 191 S.C. 79, 3 S.E.2d 681 (1939); Bost v. Bankers

Fire & Marine Ins. Co., 242 S.C. 274, 130 S.E.2d 907 (1963).

" 'It is well settled that conditions going to the coverage or scope of a policy of insurance, as distinguished from those furnishing a ground for forfeiture, may not be waived by implication from conduct or action. The rule is that while an insurer may be estopped by its conduct or its knowledge from insisting upon a forfeiture of a policy, the coverage or restrictions on the coverage cannot be extended by the doctrine of waiver or estoppel. The substance of the doctrine of waiver as applied in the law of insurance is that if the insurer with knowledge of facts which would bar an existing primary liability, recognizes such primary liability by treating the policy as in force, he will not thereafter be allowed to plead such facts to avoid his primary liability.

" 'This is a case where the coverage is sought to be extended. The doctrine of waiver cannot be invoked to create a primary liability, and bring within the coverage of the policy risks not included or contemplated by its terms. Estoppel through the knowledge of (its agent) * * * could operate * * * only to relieve as against the consequences of violation of the terms of the policy and not to extend coverage.' (quoted from C. E. Carnes & Co. v. Employers' Liability Assur. Corp., 5 Cir., 101 F.2d 739, 742) * * *

"This limitation of the doctrine of waiver also prevails in South Carolina. It is true that in one or two of the cases cited in the footnotes broad language is used from which one might conclude that any provision of an insurance policy might be waived by the act of an agent; see Powell v. Continental Insurance Co., 97 S.C. 375, 81 S.E. 654; Johnson v. Life & Casualty Ins. Co., 191 S.C. 96, 3 S.E.2d 805; but the question actually decided in these cases related to forfeiture, and when the distinction was brought squarely to the attention of the Court in Keistler Co. v. Aetna Ins. Co., 124 S.C. 32, 117 S.E. 70, it was clearly recognized in both the majority and dissenting opinions. See 124 S.C. 45, 49, 117 S.E. 75. In the latter it was thus expressed: ' * * * This marks the distinction between the two classes of cases: If by the contract the insured assumed a stated risk primarily, and provided for a forfeiture upon the happening of certain conditions, its right to claim such forfeiture may be waived; but, where it expressly and specifically declined to assume such risk, it cannot by its conduct be held to have waived itself into making a contract which had not been entered into.

" 'All of the many cases in this state in which the principle of waiver has been applied may be explained by the recognition of this distinction. They are, without exception, so far as we have observed, cases of a primary assumption of the stated risk, the forfeiture of which was claimed by the insurer, and a waiver of that forfeiture claimed by the insured.' " Peters v. Great American Ins. Co., C.A.4, 1949, 177 F.2d 773, 778, 779.

The reluctance of the South Carolina courts to sanction a forfeiture is apparent from cases wherein waiver has been held to preclude the insurer from asserting a right to forfeit the policy because of a lack of insurable interest, or by reason of the fact that an insured vehicle was used in public service when this use was expressly prohibited in the policy. Rogers v. Atlantic Life Ins. Co., 135 S.C. 89, 133 S.E. 215, 45 A.L.R. 1172; Graham v. Standard Fire Ins. Co., 119 S.C. 218, 112 S.E. 88.

"Although the distinction between a condition furnishing a ground of forfeiture and one going to the scope of coverage of the policy is not expressly defined, the facts, and occasionally the discussion, found in some cases, warrant the conclusion that under the former, by the exercise of the insurer's option, the entire policy is declared forfeited and is treated as though of no effect to cover any risk whatsoever, as for example a condition that upon insured's failure to pay the agreed premiums as they mature the policy shall be null and void; on the other hand, while a condition affecting

208

the scope or coverage of the policy excludes certain risks from the operation of the policy in the event of the occurrence of certain conditions * * *." 113 A.L.R. p. 859. The annotation goes on to point out that under the latter condition, while certain risks are excluded, the policy still remains in force and effect as to other risks.

■ Applying the foregoing test to the policy provisions here under consideration, it seems clear that the conditions of the policy relied upon by plaintiff furnished a ground of forfeiture rather than being conditions affecting the scope or coverage of the policy. The agent of the insurer knew the use which Robert Green planned to make of the Dodge panel truck at the time he took the application for the insurance and collected the premium. Under these circumstances, the insurer at its option had the right not to issue the policy and to refund the premium, but it issued the policy which was delivered to Robert Green by the agent of the insurer.

"It has frequently been held in this state that if an insurance agent, at the inception of the contract, has knowledge of a fact constituting a forfeiture, such knowledge is imputed to the company, and the issuance of the policy as a valid policy estops the company from asserting the forfeiture." McCarty v. Piedmont Mut. Ins. Co., 81 S.C. 152, 62 S.E. 1, 18 L.R.A., N.S., 729; Slawson v. Equitable Fire Ins. Co., 82 S.C. 51, 62 S.E. 782.

For the foregoing reasons, I conclude that the plaintiff is not entitled to the relief demanded, and that it is the duty and obligation of the plaintiff to appear and defend any suit or suits that may be brought against Robert Green and/or his driver Leola Lawrence and that plaintiff is liable under the terms of the contract of insurance for any judgment obtained against Robert Green and/or his driver Leola Lawrence in any action brought against them within the limits of the insurance policy.

It is, therefore, ordered, that the complaint be dismissed with costs.