**PREFERRED RISK MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Margarette THOMAS, Administratrix of the Estate of Robert Green, John P. Hazzard, IV, as Guardian ad Litem for Leola Lawrence, a Minor over the age of 18 years, Susan Ford, Lila Mae Parson, Rosa Smalls and Rebecca Nesbitt, Appellees.**

No. 10606.

United States Court of Appeals Fourth Circuit.

Argued Nov. 1, 1966.

Decided Jan. 31, 1967.

N. L. Barnwell, Charleston, S. C. (Ben Scott Whaley and Barnwell, Whaley, Stevenson & Patterson, Charleston, S. C., on brief), for appellant.

William W. Doar, Jr. (Arthur M. Flowers, Jr., Meyer Rosen, Georgetown, S. C., Waring S. Howe, Charleston, S. C., Smith & Moore, and Rosen & Rosen, Georgetown, S. C., on brief), for appellees.

Before BOREMAN, J. SPENCER BELL, and CRAVEN, Circuit Judges.

BOREMAN, Circuit Judge.

Preferred Risk Mutual Insurance Company (hereafter Preferred) seeks a declaratory judgment to determine its rights and liabilities under a contract of insurance issued to Robert Green, deceased (hereinafter Green or insured).

Jurisdiction is based on diversity of citizenship. The facts, except for the testimony of the agent to whom Green made application for the policy, were stipulated.

Preferred, an Iowa corporation licensed to do business in South Carolina, issued its liability policy on June 25, 1964, covering Green's 1958 Dodge panel truck. Application for the insurance was made by Green on June 25, 1964, to Preferred's agent, Reeves. The policy, by its terms made effective from June 25, 1964, and purporting to have been issued on that date, was not delivered until July 7, 1964. On July 4, 1964, the truck, being driven by one Leola Lawrence who was then eighteen years of age, was involved in an accident in which the defendants, Susan Ford, Lila Mae Parsons, Rosa Smalls and Rebecca Nesbitt, passengers in the truck, were injured. It appears that the truck was used on a regular basis to furnish transportation to the injured defendants and perhaps another or others who paid Green some undisclosed amount for this service, and that Leola Lawrence was employed by Green to drive the truck.

It is the contention of Preferred that since its policy contained a clause specifically excluding any claim arising from the use of the vehicle for public conveyance or livery, it is not liable in these circumstances.

The defendants take the position that Reeves, the duly authorized local agent of Preferred, was fully informed of the use to which the vehicle was to be put and that Preferred, since it accepted the premium payment, cannot now be heard to deny liability. The written application sent to Preferred by its agent Reeves stated that the insured vehicle was to be used while "driven to work," a distance of "30 miles," "one way," "six trips a week" on a "share the expense" basis. The application which agent Reeves retained in his files included the additional notation concerning the number of passengers—"average 5."

Preferred's objection to the agent's testimony was first sustained but it was read into the record with consent of the trial judge in order to preserve the offer of proof, there being no jury. The court below, in its opinion, Preferred Risk Mutual Insurance Company v. Thomas, D. C., 250 F.Supp. 204, subsequently admitted this testimony in evidence on the theory that the agent's knowledge of the intended use of the vehicle was imputable to the principal, determined that the policy provisions here in controversy were in the nature of a forfeiture clause and held that Preferred, after accepting the premium payment with such knowledge, was prevented by the doctrines of waiver and estoppel from asserting a forfeiture. The court stated:

"* * * The agent of the insurer knew the use which Robert Green planned to make of the Dodge panel truck at the time he took the application for the insurance and collected the premium. Under these circumstances, the insurer at its option had the right not to issue the policy and to refund the premium, but it issued the policy which was delivered to Robert Green by the agent of the insurer.

"'It has frequently been held in this State that if an insurance agent, at the inception of the contract, has knowledge of a fact constituting a forfeiture, such knowledge is imputed to the company, and the issuance of the policy as a valid policy estops the company from asserting the forfeiture.' McCarty v. Piedmont Mut. Ins. Co., 81 S.C. 152, 62 S.E. 1, 18 L.R.A.,N.S., 729; Slawson v. Equitable Fire Ins. Co., 82 S.C. 51, 62 S.E. 782." [1]

Preferred first contends that it would not be precluded from asserting the policy's exclusionary clause on the theory of either waiver or estoppel because such exclusion is not a ground of forfeiture but rather goes to the "scope" of the policy. It argues that neither waiver nor estoppel may be employed to broaden the scope of the policy. Next it is urged that

the trial court's consideration of the testimony of agent Reeves violated the parol evidence rule since it had the effect of permitting prior oral conversations between the agent and Green to vary or contradict the terms of an integrated contract of insurance; and, that all prior negotiations were merged into the written contract.

We first consider whether the exclusion clause in the policy was a ground of forfeiture or merely went to the scope of the coverage. While the distinction between the two is often blurred and not expressly defined in the decided cases, it would seem that insured's failure to perform a condition that would bring or keep the policy in force, such as paying periodic premiums as they fall due, would work a forfeiture while a condition going to scope of coverage would not affect the operation of the policy except as to risks arising from specified activities.

■ The reason underlying the trial court's conclusion that the clause in question provided a ground for forfeiture is none too clear.[2] We think the trial court was in error in holding the clause in question a ground for forfeiture. The purpose and effect of such clause was not to render the entire policy a nullity at the option of Preferred. Illustratively, if, after having used the truck for livery purposes, Green had been involved in an accident while driving the truck for his own personal use or pleasure, it could not seriously be argued that such prior use had worked a forfeiture. The only legal effect of the clause in question, if valid and enforceable, would be to exclude from coverage liability for injuries or damage which might arise while the truck was being used for public or livery conveyance. At all other times the policy would be in full force and effect and the vehicle would be covered.

However, the foregoing determination by this court does not necessarily compel a reversal if the judgment below can be upheld on other grounds.

■ In South Carolina there is an exception to the general principle that the scope of the risk cannot be extended by estoppel. The South Carolina courts will not permit an insurer, who has misled an insured into believing that a particular risk is within the coverage of the policy, to use the contract itself to prove the contrary. Pitts v. New York Life Ins. Co., 247 S.C. 545, 148 S.E.2d 369 (1966); Johnson v. Wabash Life Ins. Co., 244 S.C. 95, 135 S.E.2d 620 (1964); Moore v. Palmetto State Life Ins. Co., 222 S.C. 492, 73 S.E.2d 688 (1952); Ellis v. Metropolitan Cas. Ins. Co., 187 S.C. 162, 163, 197 S.E. 510 (1938).

■ The essential elements of estoppel as set out in the South Carolina decisions are: "(1) ignorance of the party invoking it of the truth as to the facts in question; (2) representations or conduct of the party estopped which mislead; (3) reliance upon such representations or conduct; and (4) prejudicial change of position as the result of such reliance." Pitts v. New York Life Ins. Co., supra, 148 S.E.2d at 371.

■■ It appears that this is a case in which application of the doctrine of estoppel is appropriate. Green had no opportunity to read or examine the policy since it was not delivered until *after* the accident and there is no evidence to show any knowledge on his part that the policy did not provide the coverage for which he had applied and paid. Thus, he was relying upon Preferred's agent (who from past dealings and the pertinent application negotiations knew of the insured's intended use of the truck) to procure a policy which would provide the desired coverage in accordance with the application. Preferred knew also, through its agent and the application for the policy, that the insured vehicle was to be used to carry passengers six times

2. After citing certain principles set forth in an annotation in 113 A.L.R. 859, the court stated—"it seems clear that the conditions of the policy relied upon by plaintiff furnished a ground of forfeiture rather than being conditions affecting the scope or coverage of the policy." 250 F.Supp. at 208.

a week on a "share the expense" basis although the application forwarded by the agent did not disclose the average number of passengers. The acceptance of the premium payment with the cumulative knowledge of agent Reeves and Preferred as to Green's intended use of the vehicle served to mislead Green. There is no doubt that the insured relied on these representations as to the scope of coverage for he paid the premium and permitted the vehicle to be used to drive the injured defendants to work, rightfully assuming he was protected. Finally, the prejudice to Green is obvious. If Preferred is now permitted to defend upon the exclusion provisions as contained in its policy as delivered Green's estate would be forced to assume the defense of the imminent suits of the injured passengers and pay any judgments rendered therein.[3]

We turn now to Preferred's assignment of error with respect to the admission of the testimony of Reeves as the agent of the insurer. Preferred in its brief now refers to Reeves' authority as being limited, thereby suggesting that he did not possess the necessary authority to bind the company. It is undisputed that Reeves did, in fact, bind coverage on Green's truck as of 12:01 A.M. June 25, 1964, and it was stipulated between the parties that Reeves was Preferred's local authorized agent at Georgetown, South Carolina. In addition, the court below found as a fact that the application form furnished by Preferred and which Green signed placed no limitation upon Preferred's agent and there is no evidence that Green had any notice, either "actually or circumstantially," of any restriction or limitation placed upon Preferred's agent or his authority.

■■ The trial court held that the testimony of Reeves, as to his knowledge at the time he took Green's application concerning the intended use of the vehicle, acquired while acting within the scope of his employment, was competent and admissible. This proposition of law is well supported by the South Carolina decisions. Norris v. Hartford Fire Insurance Company, 57 S.C. 358, 35 S.E. 572 (1900); Polatty v. Woodmen O. W. Life Insurance Society, 191 S.C. 79, 3 S. E.2d 681 (1939); Bost v. Bankers Fire and Marine Insurance Company, 242 S. C. 274, 130 S.E.2d 907 (1963). Since Reeves' testimony was directly related to facts occurring prior to the issuance of the policy and material to the risks, it was properly before the court and was admissible on the question of estoppel. Furthermore, there is other evidence of record which amply shows the intended use of the vehicle. The application for the policy on Preferred's printed form, completed by agent Reeves and signed by Green, shows that the insured vehicle was to be used for carrying passengers who would all share the expense. Additionally, it appears that after the submission of the application to Preferred by its agent, an "investigation" of some sort was made by Preferred before the policy was issued. Preferred was on notice of the intended use of the insured vehicle but prepared and presented to Green a policy containing an exclusion clause which Preferred now contends is entirely contrary to and inconsistent with the statement made to the agent and

3. Moreover, it is not clear that the exclusion clause, even if permitted to be asserted, would apply here. While it is true that the policy excluded from coverage vehicles used as "a public conveyance or livery" it is by no means obvious that the use to which Green put the vehicle fell within this clause. No authority has been cited to demonstrate that a vehicle used to carry five passengers 30 miles a day, six times per week, at a charge, is a vehicle used in "public conveyance or livery." Since the insurer authored the contract and could have included any clarifying terms, it is well settled that such a provision must be construed strictly against the author and liberally in favor of the insured. Myers v. Calvert Fire Ins. Co., 246 S.C. 46, 142 S.E.2d 704 (1965); Carroway v. Johnson, 245 S.C. 200, 139 S.E.2d 908 (1963); Kingman v. Nationwide Mutual Ins. Co., 243 S.C. 405, 134 S.E.2d 217 (1964). However, in view of our conclusions as to estoppel it is not necessary to reach this issue.

shown in the application as to the intended use of the vehicle. Preferred is estopped from denying liability in these circumstances.*

For the reasons herein stated, the judgment below will be

Affirmed.

---

* In argument before this court counsel for Preferred undertook to raise an additional point of error which was not raised below nor was it mentioned or argued in Preferred's brief. We do not consider it. See Rule 10, subds. 2(b) (d) and 8 of the rules of this court, 28 U.S.C.A. pp. 254, 255.