## 8572

### CURRENCE, ADMINISTRATOR, v. SOVEREIGN CAMP WOODMEN OF THE WORLD.

1. INSURANCE—WAIVER.—The acceptance by the Sovereign Camp of the Woodmen of the World of dues of a member of a local camp, after suspension for nonpayment, under the facts of this case, is some evidence of waiver by the Sovereign Camp of failure to file with the clerk of the local camp a certificate of good health when payment was made.

2. APPEAL.—IF FRAUD was made an issue by the pleadings it was decided against defendant by the jury and not reviewable here.

Before SEASE, J., York, November Term, 1912. Affirmed.

Action by B. J. Currence, administrator of J. Henry Joy, against Sovereign Camp, Woodmen of the World, Defendant appeals.

The defendant answered as follows:

"The defendant, answering the complaint of the plaintiff, respectfully shows to the Court:

1. "The defendant denies each and every allegation in plaintiff's said complaint contained not hereinafter specifically admitted.

2. "This defendant admits it is a fraternal beneficiary association incorporated under the laws of the State of Nebraska, and duly authorized to transact business in South Carolina as such, and, during all the times mentioned in the complaint was doing business in South Carolina acting under the authority of the statute law of this State. The defendant also admits that it has subordinate lodges or camps and that it has such in South Carolina, one of which is and was known as 'Black Jack Camp No. 247,' of which W. M. Joy became a member in August, 1907; but, this defendant alleges that membership in said order and the suspension of members from said order and the restoration of members to said order, and the beneficiary certificates issued to the members of the order and whether the same shall be of force and effect or not, are all governed and controlled by the Constitution, Laws and By-Laws of the Sovereign Camp of the Woodmen of the World, as well as by the Statute laws of the State of South Carolina relating to fraternal beneficiary associations.

3. "Further answering this defendant shows to the Court: That while plaintiff's intestate was accepted as a member of the defendant corporation through initiation in one of its subordinate camps on the 27th of August, 1907, and on said date a beneficiary certificate was issued to plaintiff's intestate, yet the defendant alleges that plaintiff's intestate was suspended on the 1st day of May, 1911,

for not paying his monthly assessment, which said suspension was authorized and required under Section 109 of the Constitution and By-Laws of the defendant corporation, which said section reads as follows:

Sec. 109. " '(*a*) Every member of this order shall pay to the clerk of his camp each month one assessment payment, as required in section 56, which shall be credited to and known as "Sovereign Camp Fund," and he shall also pay such camp dues as may be required by the By-Laws of his camp. He shall pay any additional assessments for the Sovereign Camp Fund and camp dues, or either, which may be legally called.

" '(*b*) If he fails to make any such payments on or before the first day of the month following, he shall stand suspended, and during such suspension his beneficiary certificate shall be void.'

4. "That section 115 of the Constitution and By-Laws of the defendant corporation contains the following provisions:

Sec. 115. " '(*a*) Should a suspended member pay all arrearages and dues to the clerk of the camp within ten days from the date of his suspension, and if in good health and not addicted to the excessive use of intoxicants or narcotics, he shall be restored to membership and his beneficiary certificate again become valid.

" '(*b*) After the expiration of ten days and within three months from the date of suspension of a suspended member to reinstate he must pay to the clerk of his camp all arrearages and dues and deliver to him a written statement and warranty signed by himself and witnessed that he is in good health and not addicted to the excessive use of intoxicants or narcotics as a condition precedent to reinstatement, and waiving all rights thereto if such written statement and warranty be untrue.

" '(*c*) Any attempted reinstatement shall not be effective for that purpose unless the member be in fact in good

health at the time, and if any of the representations or statements made by the said applicant are untrue, then said payments shall not cause his reinstatement nor operate as a waiver of the above conditions.'

5. "That on the 4th of July, 1911, one Robert Saye Riddle, the clerk of subordinate camp No. 247, of which W. M. Joy had been a member, attempted to reinstate the said W. M. Joy into membership in said corporation by remitting to said defendant corporation the sum of three dollars, the same being some two months after his suspension and the said W. M. Joy not having given the clerk of said camp a written statement and warranty signed by himself and witnessed that he was in good health, and so on, and the defendant here alleges that at the time of the attempted reinstatement, on the 4th day of July, 1911, the said W. M. Joy was sick of typhoid fever, dying of said dread disease on the 21st day of July, 1911. And this defendant further alleges that under section 7 of an act of the General Assembly of South Carolina entitled 'An act for the Regulation and Control of Fraternal Benefit Associations,' approved February 23d, 1910, it is provided: 'No subordinate body or any of its officers or members shall have the power or authority to waive any of the provisions of the laws and constitution of the association, and the same shall be binding upon the association, and each and every member thereof and their beneficiaries.' and therefore this defendant pleads as a matter of law that the clerk of the subordinate camp, of which W. M. Joy had been formerly a member, could not, by accepting dues from a man then sick unto death, reinstate him in the defendant corporation.

6. "That plaintiff's intestate, having been suspended legally under the Constitution, Laws and By-Laws of the Sovereign Camp of the Woodmen of the World on the first day of May, 1911, for nonpayment of monthly assessments, and his certificate of insurance being void under

the Constitution, Laws and By-Laws of the defendant company during the period of suspension, and said intestate having died without being restored to membership in said order, the beneficiary certificate issued to plaintiff's intestate by the defendant is and was at the death of the intestate null and void and of no force and effect.

7. "But still further answering, the defendant shows to the Court, That after his suspension, plaintiff's intestate solemnly declared to the officers of the subordinate camp of which he had been a member his intention of forever severing his connection with the Woodmen of the World, and defendant alleges that said intestate died without knowing of the efforts made by his friends to restore him to membership; and the three dollars that the friends of the said intestate raised and paid over to the Clerk of the subordinate camp (when they knew that the intestate was sick with the fever whereof he died in a short time thereafter) was forwarded by the said clerk to the sovereign camp, but with no information as to the sickness of the intestate, and as soon as the sovereign camp was informed of the facts and that said clerk had no certificate of the good health of the intestate signed by him and witnessed, the sovereign camp promptly returned the three dollars to the clerk of the subordinate camp, Robert Saye Riddle, who paid it over to the parties who paid it to him in the first instance, and the same was received and accepted by them.

8. "The defendant does, therefore, especially deny that it is liable to plaintiff as administrator in the sum of one thousand dollars and interest thereon from July 21st, 1911, and does especially deny that it is liable to plaintiff as administrator in any sum whatsoever."

*Mr. J. S. Brice,* for appellant, cites: *There is no estoppel by waiver:* 25 Cyc. 859, 865, 968, 870; 83 S. C. 264. *The reinstatement was procured by fraud:* 95 U. S. 326.

*Messrs. John R. Hart* and *Hart & Hart,* contra, cite: *Fraud must be proved:* 25 Am. Dec. 636; 1 K. & J. 671; 15 How. 56; 46 Am. Dec. 120. *There was enough here to put defendant on inquiry:* 88 S. C. 39; 90 S. C. 175. *Same principles apply here as to old line companies:* 81 S. C. 155; 80 S. C. 400; 55 S. C. 590.

June 6, 1913. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. In order to understand the facts and the issues raised by the pleadings, it will be necessary to set out a copy of the answer in the report of the case.

The first question that will be considered is, whether there was any testimony tending to show waiver on the part of the defendant.

It was the duty of the clerk of the local camp to make collections for the camp.

Section 93 of the constitution and by-laws of the Woodmen of the World provides, that "it shall be the duty of the clerk to have charge of the records, attend to the correspondence, accounts and literature of the camp, and all miscellaneous matters pertaining to its welfare." (It was admitted that this has reference to the clerk of the local camp).

*Subdivision c:* "He shall remit all funds due and belonging to the sovereign camp to the sovereign clerk, as by law provided."

It was the duty of the local clerk to make his report to the clerk of the sovereign camp, and to state whether the insured had delivered to him a written statement, that he was at that time in good health.

The clerk of the local camp wrote the following letter to the sovereign camp:

"Clover, S. C., No. 2.
Camp No. 247, S. C.
Located at Oak Ridge.

"Mr. Jno. T. Yates,

"Dear Sir: Find P. O. order for $3.00, for reinstatement of Sov. W. M. Joy, Cer. No. 18523. He was suspended on assessment No. 247 and now wishes to be reinstated, and made payment to me this morning, and I made my report yesterday, so I told him I would mail same to you, and if you accepted it, it would be O. K., and if you didn't he could take the matter up with you. Hoping to hear from you in regard to this, at your earliest convenience, I beg to remain,          Yours very fraternally,

ROBERT SAYE RIDDLE,

This July 4th, '11.                                  Clerk."

This letter shows that the clerk of the sovereign camp knew that the certificate of good health had not been delivered; or, at least gave to him such notice, which if pursued with due diligence, would have led to knowledge of the fact that the certificate had not been delivered, which is equivalent to notice.

It is true that under the provisions of the statute, the local clerk did not have the power to waive compliance with the requirements of the constitution and by-laws; but the testimony tends to show that there was waiver by the *sovereign* camp.

The other question is whether the insured was guilty of such fraud as rendered the policy null and void.

Even if it should be conceded that the question of fraud was made an issue by the pleadings, it was, however, properly submitted to the jury, and their finding is not subject to review by this Court.

Judgment affirmed.

MR. JUSTICE WOODS *concurs in the result.*