## 9221

### VANT v. GRAND LODGE, K. OF P., S. C.

#### (86 S. E. 677.)

INSURANCE.   FRATERNAL BENEFIT ASSOCIATIONS.   FORFEITURE.   WAIVER.
CHARGE.

1. FRATERNAL BENEFIT ASSOCIATIONS—WAIVER—LOCAL LODGE.—Under
Civil Code 1912, sec. 2755, no subordinate lodge or any of its officers
can waive any provisions of the laws or constitution of the associa-
tion, which are binding upon the members.

2. FRATERNAL BENEFIT ASSOCIATIONS—FORFEITURE—DIRECTION OF VER-
DICT.—Where the undisputed evidence shows that a member of a
fraternal benefit association was living in violation of the law of the
order, without any notice to, or knowledge of, the grand lodge,
or any officer thereof, the Court erred in submitting an issue to the
jury as to whether the lodge had waived the resulting forfeiture, and
in refusing to direct a verdict for defendant.

3. FRATERNAL BENEFIT ASSOCIATION—WAIVER OF FORFEITURE—CHARGE.
—The refusal of a request to charge that if a subordinate lodge
discovered that one of its members is not qualified for membership
in the order, and yet retains him as a member, no notice officially of
the facts being given the grand lodge, the same cannot be construed
as a waiver of forfeiture by the grand lodge, and a policy issued to
such person under such circumstances is of no force, is error.

4. INSURANCE—BENEFIT SOCIETY—CONCUBINAGE—KNOWLEDGE OF LOCAL
LODGE—WAIVER—EFFECT.—Where assured at the time of his death
was living in a state of concubinage, whereby the policy was ren-
dered void by its terms, it is no waiver of the provision against con-
cubinage that certain officers of the local lodge, knowing the facts,
continued to accept premiums from assured as agent for the grand
lodge, since, under Civ. Code 1912, sec. 2755, providing that no sub-
ordinate body or its officers or members can waive the provisions of
the laws and constitution of the association, there can be no agency
in the local lodge through which the grand lodge could be bound by
such waiver.

5. CHARGE.—A charge that is contradictory in itself, and misleading,
is reversible error.

Before HON. C. J. RAMAGE, special Judge, Columbia,
October, 1914.   Reversed.

FOOTNOTE.—As to when a fraternal benefit association may be estopped
to declare a forfeiture of a member's rights, see *Crumley* v. *Sovereign
Camp, W. O. W.,* in this volume.

Action by Mary Vant against Grand Lodge Knights of Pythias of South Carolina, subordinate to the Supreme Lodge, Knights of Pythias, of North America, South America, Europe, Asia, Africa and Australia. From judgment in favor of plaintiff, defendant appeals.. The defendant's request to charge, which was refused, was:

3. "If a subordinate lodge discovers that one of its members is not qualified for membership in the order and yet retains him as a member, no notice officially of the facts being given to the grand lodge, the same cannot be construed as a waiver of the provisions by the grand lodge, and a policy issued to such a person under such circumstances is of no force."

The facts are stated in the opinion.

*Mr. N. J. Frederick,* for appellant, submits: *Verdict should have been directed for defendant:* 44 S. C. 315; 52 S. C. 225; 66 S. C. 283; 31 Cyc. 1667; 29 S. C. 96; 23 S. C. 289; Civil Code 1912, sec. 2755; 95 S. C. 67; 47 S. C. 139; 31 Cyc. 1335, 1329, 1676, 1678; 2 Hill 307; 57 S. C. 16. *Charge inapplicable to case:* 55 S. C. 403; 60 S. C. 498; 72 S. C. 194. *Request refused:* 31 Cyc. 1573, 1596. *Charge on facts:* 80 S. C. 387; 51 S. C. 461. *Duty to declare the law:* 70 S. C. 427; *Ib.* 148; 76 S. C. 297. *Charge inconsistent, contradictory and misleading:* 31 Cyc. 1679.

*Mr. James H. Hammond,* for respondent, submits: *Subordinate lodge was agent of grand lodge:* 100 S. C. 121; 88 S. C. 37; 90 S. C. 168; 12 A. & E. Ann. Cas. 636, and cases there cited in note. *Duty to call Court's attention to inconsistency in charge:* 64 S. C. 311. *Requests for further charge:* 83 S. C. 251; 73 S. C. 277; 61 S. C. 276; 63 S. C. 462; 70 S. C. 148; 70 S. C. 427.

October 27, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is an action on a policy of insurance issued to C. H. Vant, plaintiff's husband, by defendant, which is a fraternal benefit association, conducted on the lodge system. A by-law of the order provides: "Any member living in a state of concubinage at the time of his death shall not be entitled to any benefits herein mentioned." Violation of this by-law was the sole defense; and it was proved by undisputed evidence that Vant abandoned the plaintiff, married another woman and lived with her in a state of concubinage for sixteen years, and was so living with her at the time of his death. The sole ground upon which plaintiff sought to overcome the defense was that it had been waived by the acceptance and retention of premiums or assessments from Vant after knowledge of the facts.

There was testimony that certain members and officers of the local lodge, of which Vant was a member, knew the facts, and accepted and retained his premiums or assessments after such knowledge; but there was no testimony that any knowledge or notice of the facts was imparted to the grand lodge, the defendant herein, or any officer thereof, so as to bring the case within the principle decided in *Currence* v. *Woodman,* 95 S. C. 61, 78 S. E. 442.

Section 2755, vol. I, Civil Code 1912, provides: "No subordinate body or any of its officers or members shall have the power or authority to waive any of the provisions of the laws and constitution of the association, and the same shall be binding upon the association, and each and every member thereof and their beneficiaries."

This statute, passed in 1910, was designed, no doubt, to prevent the waiver of violations of the law of such associations by the local bodies, their officers or members, in favor of their own members,—as a result of the fraternal feeling or sympathy which the members of such local orders, being more closely associated together, naturally entertain for each other,—at the expense and to the detriment of the entire membership of the order.

It is contended, however, that the testimony shows that the local lodge is the agent of the grand lodge for certain purposes; for instance, that it is the medium through which policies or certificates are issued to the members of the local lodges, and the premiums or dues thereon collected and returned to the grand lodge. The record shows that the Court sustained this contention and based its refusal of defendant's motion for a directed verdict upon it, the Court saying, in response to the motion: "There is some evidence that the subordinate lodge knew, or was put in possession of facts, which, if properly pursued, would have brought it to them, put them on inquiry or notice that this man had two wives. Such being the case, comes in the question of waiver, whether or not knowing these facts. The Supreme Court held in the Powell (97 S. C. 375, 81 S. E. 654) case against the insurance company, that where the agent had knowledge of certain facts that would tend to forfeit the policy and they go ahead and receive the premium and do not cancel the policy until after the man's death, that is a question to go to the jury upon a question of waiver." And, again, in response to the citation of the statute by defendant's counsel: "Your last witness testified that the subordinate lodge was its agent in issuing the policy and collecting the fees, and, that being the case, the Powell case is directly in point; that is a matter that will have to go to the jury on the question of waiver." The Court evidently overlooked the fact that the Powell case (97 S. C. 375, 81 S. E. 654) was on a fire insurance policy against a stock company, and, therefore, in that case, the statute was not applicable.

Notwithstanding the local lodge may be the agent of the grand lodge for some purposes, it is within the power of the legislature to enact that such agent shall not have authority to relinquish the rights of the principal, and it has so enacted in the section quoted, with the wisdom or policy of the enactment, the Court is not concerned. The members of these orders are presumed to know their own laws, as well

as those of the State, under which their rights must be determined.  In view of the undisputed evidence of the violation of the law of the order, the evident purpose of which is to restrain the members from immoral living, and of the statute, which denies authority to the local lodge, its officers or members, to waive the resulting forfeiture of all benefits under the policy, the Court erred in refusing to direct the verdict for defendant.

For the reason above stated, it was error to refuse defendant's third request to charge, which substantially embodied the provision of the statute as to waiver, as it applied to the facts of the case.

The charge was also contradictory in itself, and, therefore, misleading.  In the first charge, the Court correctly charged, in accord with the statute, defendant's fourth request, to wit: "Subordinate lodges cannot waive any of the rules and regulations of the grand lodge."

After deliberating for sometime, the jury came out and asked, "whether the local lodge could waive the rules of the grand lodge."  The Court replied: "Waiver is a question for you entirely.  A local lodge might or might not.  I am not charging about this case.  Under certain conditions, a lodge might be the agent of the grand lodge.  In other words, anybody can do through an agent what he or they can do through themselves.  I apprehend that might be the distinction in that statute between a local agent acting for a local lodge as such, or the local lodge might be made agent of the grand lodge.  If they adopt the local lodge as agent, the agent might waive whatever the principal might waive.

The Foreman: That makes it clear.

The Court: I am not talking about this particular case, but a local lodge might have certain duties to perform under the constitution of the company, but, as I understand, under the law, the company can make anybody their agent, who is lawfully authorized to act as agent, the agent might do any

act, any knowledge that would come to the local agent would be imputed to the company. As I understand, any agent acting for the local lodge might also be agent of the grand lodge; and any knowledge—that would be a question for you—any knowledge imputed to the local lodge might or might not be imputed to the grand lodge. I will use those terms generally without reference to this particular case at all.

Mr. Frederick: You have already charged subordinate lodges cannot waive any rules or regulations of the grand lodge.

The Court: As a subordinate lodge they cannot waive any rules or regulations of the grand lodge. I have charged that and charge that now."

It will be seen that the subsequent charge was not only inconsistent with the first, but also contrary to the statute.

Judgment reversed.

Mr. Chief Justice Gary and Messrs. Justices Fraser and Gage concur in the opinion of the Court.

Mr. Justice Watts dissents.