## 9679

### OUTLAW v. NATIONAL COUNCIL, JUNIOR ORDER UNITED AMERICAN MECHANICS, *ET AL.*

#### (92 S. E. 469.)

1. APPEAL AND ERROR—HARMLESS ERROR—PLEADINGS.—In an action against the national council and a local council of a fraternal society on a benefit certificate, the national council was not prejudiced by the action of the Court in allowing plaintiff's attorney to file an answer on behalf of the local council, where the Court ruled that plaintiff was required to prove her case against the national council, irrespective of the admissions of the other defendant.

2. ATTORNEY AND CLIENT — REPRESENTING ADVERSE PARTY. — In such action, plaintiff's attorney did not violate his professional duties or legal ethics by filing such answer, where the answer was in no way adverse to plaintiff.

3. APPEAL AND ERROR—HARMLESS ERROR—SUSTAINING OBJECTION TO EVIDENCE.—In an action on a benefit insurance certificate, the sustaining of an objection to a question as to the manner in which the deceased member met his death and what he was doing at the time was not prejudicial, where the witness did answer that he supposed the member was shot, that he was killed on the road, but that he was was not present, and did not know whether the member was killed in a fight, especially as no defense was interposed that the member met a violent death, and the evidence was hearsay.

4. TRIAL—QUESTIONS FOR JURY—DISPUTED FACTS.—When there are disputed facts in the case on the issues made by the pleadings, such facts must be submitted to the jury for their determination, and a nonsuit or directed verdict cannot be granted.

5. INSURANCE — MUTUAL BENEFIT INSURANCE — PAYMENT OF DUES — ACCEPTANCE.—Where, a local council of a fraternal society was charged with the duty of collecting from its members and remitting to the general council the dues and assessments of its members, and it remitted the full amount due from all its members in bulk, and the amount remitted was received and accepted by the national council without complaint, it could not complain, after the death of a member, that his dues had not been paid by him to the local council; there being a substantial compliance with the laws and rules of the order.

Before BOWMAN, J., Camden, November, 1915. Affirmed.

Action by Eunice Outlaw against the National Council, Junior Order United American Mechanics, and another. From a judgment for plaintiff, the defendant named appeals. See, also, 104 S. C. 331, 88 S. E. 801..

*Messrs. Douglas & Douglas* and *B. B. Clarke,* for appellant, cite: *As to answer of local lodge:* 3 A. & E. Enc. of L. 295; 6 S. C. 169. *Answer as to cause of death:* 86 S. E. 677. *Liability of fraternal orders:* 86 S. E. 677; 69 S. E. 414; 66 S. E. 579. *As to waiver by local council:* Civil Code, secs. 2770 and 2755; 86 S. E. 677.

*Mr. W. B. deLoach,* for respondent, cites: 102 S. C. 92, 113, 393.

May 12, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

FOOTNOTE.—As to sufficiency of payment of assessments or dues to benefit societies by collector for members, see notes 29 A. & E. Ann. Cas. 1913d, 347.

This was an action for the recovery of $500 upon a certain certificate issued by the defendant-appellant, which said certificate provided for the payment of a certain amount to the legal dependent of one George Outlaw, the deceased husband of the plaintiff. The case was tried before Judge Bowman and a jury at the November term of Court, 1915, for Kershaw county, and resulted for a verdict in favor of plaintiff in the sum of $500, the full amount sued for, and after entry of judgment the defendant, the National Council, Junior Order United American Mechanics, appeal and seek reversal.

Exceptions 1 and 2 complain of error on the part of his Honor in allowing the plaintiff's attorney to file an answer for the company defendant, De Kalb Council No. 112, Junior Order United American Mechanics, and 1, 2 insists that this answer should have been treated as a nullity, and the failure to so hold was prejudicial to the appellant in material particulars. We do not see that the admission of this answer was prejudicial to the appellant, as his Honor's ruling was, in substance, in the case that the plaintiff was required to prove her case against the defendant-appellant here irrespective of what the other defendant admitted, and we see nothing in the case to prevent Mr. deLoach from filing the answer of the other defendant, as he was requested by them to do. The answer was not adverse to that of his client, the plaintiff, and by filing the answer he did not undertake to represent any interest adverse to the plaintiff, and in doing so he did not attempt to discharge any inconsistent or conflicting duties. Mr. deLoach did not in any manner violate his professional duties, or do anything that would be condemned by legal ethics. This exception is overruled.

The third exception alleges error in sustaining the objection of plaintiff and excluding the testimony of the witness, Player, when asked in what manner George Outlaw met his death and what he was doing at that time. This exception is overruled. The witness did answer the question. The record shows that the witness. said:

"Outlaw was shot, I suppose, I was not present when he was shot. He was killed on the road. I do not know whether he was killed in a fight. I do not know, of my own knowledge, what the result of that trial was. I was not there."

No such defense was interposed by the answer that Outlaw met a violent death. The witness told all that he knew about it. What he told was hearsay pure and simple, and this exception is overruled, as it was not in any manner prejudicial to the defendant.

The other exceptions complain of error on the part of his Honor in not granting a nonsuit or directing a verdict in favor of the defendant as asked for, and in not instructing the jury in charging the request asked for by the defendant, and also alleges error on the part of his Honor in his charge to the jury. Where there are disputed facts in the case on the issues made by the pleadings, these facts must be submitted to the jury for their determination, and in such a case a nonsuit or directed verdict cannot be granted.

There was ample evidence in the case to go to the jury that the General Council (appellant here) had received from the local council (the appellant company, defendant below) all dues that it was entitled to receive from the insured, George Outlaw, the deceased. If the local council paid the General Council the dues due by the deceased insured and relied on collecting from the insured this amount, then the General Council cannot be heard to complain. They have received the amount due them. If the local council paid the General Coun-

cil in bulk all that was due them by the members of the local council and collected from the members this amount at its convenience and pleasure, then General Council cannot be heard to complain; they have received what is due them by each member of the local council, and it does not matter who paid the dues, if they receive and accept the full amount due them and make no complaint, then they will not be heard later to complain that the amount received,. though correct in amount and paid within time it was due, not being paid in the regular way, is invalid. The evidence shows that the local council was charged with the duty of. collecting from the local council members and remitting to the General Council. If they remitted the full amount due from all of the members in bulk, it does not matter whether one of the local members of the council furnishes' the amount or whether it is paid out of the funds of the local council. When the full amount actually due by all of the members is forwarded to and received by the General Council and accepted by them without objection, then this is a substantial compliance with the laws and rules of the order as to the payment by its members, and his Honor committed no error in refusing to grant a nonsuit or direct a verdict for the defendant, and these exceptions are overruled..

As the complaint of error on the part of his Honor in his charge to the jury and refusing also defendant's request to charge defendant-appellant relies on *Vant* v. *Grand Lodge, Knights of Pythias,* 102 S. C. 413, 86 S. E. 677. This case is more on all fours with the case of *Crumley* v. *Sovereign Camp, Woodmen of the World,* 102 S. C. 393, 86 S. E. 954. In the Vant case Justice Hydrick points out the difference between the cases, and shows what testimony is necessary to bring a case within the principle decided in the case of *Currence* v. *Woodmen,* 95 S. C. 61, 78 S. E. 442. The case of *Crumley* v. *Sovereign Camp, Woodmen of the World,* 102 S. C. 393, 86 S. E. 954, decides as to when a fraternal benefit association may be estopped to declare a forfeiture of a

member's right, and we cannot see that his Honor was in error in his charge to the jury and in his refusal to charge defendant's request. He left the disputed facts to the jury; he instructed them fully as to the law; did not instruct them wrongfully; and we see no error on his part as complained of and made by the exceptions.

All exceptions are overruled.

Judgment affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE FRASER concur in the opinion of the Court.

MR. JUSTICE GAGE, *dissenting.* The facts make a case. The facts here are different from those in the cases of Crumley and Vant, *supra,* and of Stemberger; 107 S. C. —, 92 S. E. —. Here, Outlaw was suddenly killed on March 13, 1914. His dues had theretofore been confessedly paid to the De Kalb Council, and by it remitted to the National Council.

It is immaterial that others paid the dues for Outlaw; when the others so paid, they waived no right of the order.

MR. JUSTICE HYDRICK also dissents.